Filed 10/13/21  P. v. Mendoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077331 |
| v. | (Super.Ct.No. RIF086461) |
| GABRIEL MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

Gabriel Mendoza, in pro. per.; and Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Gabriel Mendoza appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

## BACKGROUND

The events leading up to defendant's petition for resentencing are taken from our opinion issued in his appeal from the judgment.  (*People v. Mendoza* (Dec. 28, 2001, E028742) [nonpub. opn.].)

Defendant was convicted of attempted premeditated and deliberate murder (§§ 664, 187) with related charges of discharging a firearm causing great bodily injury and assault with a firearm during which he used a handgun (§§ 245, subd. (a)(2), 12022.5, subd. (a), 12022.53, subd. (d)).  The court sentenced him to life in prison plus a consecutive term of 25 years to life.  He appealed and we affirmed the judgment.

## DEFENDANT'S PETITION FOR RESENTENCING

In 2018, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

Defendant filed a petition for resentencing on May 18, 2019.  Defendant did not appear but was represented by counsel on June 4, 2019, when the trial court denied the

---

[1] All further statutory references are to the Penal Code.

petition on the grounds section 1170.95 applies only to convictions of murder, not attempted murder. Defendant appealed and we appointed counsel to represent him.

**DISCUSSION**

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, which sets forth statements of the case and facts, and requests this court to independently review the entire record on appeal. Counsel also suggests one potential arguable issue: whether the trial court erred when it dismissed defendant's section 1170.95 petition for resentencing.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In his handwritten letter submitted in response to our invitation, defendant raises issues concerning his trial and sentencing, arguing that he was only 18 at the time of his offense, he had no intent to kill the victim of the shooting, and he was denied a fair and adequate defense due to ineffective assistance of trial and appellate counsel. The time for seeking appellate review of those issues has long since passed. (Cal. Rules of Court, rule 8.308(a) [an appeal must be brought within 60 days after rendition of the judgment].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ          

P. J.

We concur:

MILLER          

          J.

FIELDS          

          J.